IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwayne Ishaaq, | C/A No. 6:14-2759-HMH-JDA |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Smith Moore Leatherwood, LLP; Cornerstone National Bank; Roger Anthony; and Susan Jolly, Jolly and Anthony in their personal and professional capacities, | |
| Defendants. | |

Dwayne Ishaaq ("Plaintiff"), proceeding pro se, brings this civil action asserting a retaliation claim pursuant to 42 U.S.C. § 1982 for violation of his civil rights. Plaintiff is a non-prisoner, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## Background

Plaintiff alleges that this action is filed against Defendants because they retaliated against him after he filed a previous lawsuit in this Court against Cornerstone National Bank ("the bank") to complain about racial discrimination in lending and/or the sale of real property. [Doc. 1 at 1, 3.] Plaintiff contends that he filed a previous lawsuit, C/A No. 8:13-2343-HMH-JDA, alleging racial discrimination against the bank in August or September of 2013. [*Id*. at 2–3.] He alleges that the previous lawsuit against the bank relates to its refusal to sell him property because it did not want to deal with his kind (African-American). [*Id*. at 3.] Specifically, Plaintiff alleges that after he filed his previous lawsuit (allegedly a protected activity), Defendants filed a counterclaim against him in that same action. [*Id*. at 3.] In the instant action, Plaintiff contends that the act of filing a counterclaim against

him "is retaliation," and he apparently brings suit against Smith Moore Leatherwood, LLP, because they are the attorneys representing the bank in the previous lawsuit and helped to file the counterclaim against him. [*Id*. at 3.] Plaintiff alleges Defendants Roger Anthony ("Anthony") or Susan Jolly ("Jolly") are sued in their personal and professional capacities, and they are listed as party Defendants with the bank, all at the same address in Easley, South Carolina. [*Id*. at 1–3.] Plaintiff seeks damages against Defendants based upon the alleged retaliation in violation of 42 U.S.C. § 1982. [*Id*. at 1, 4.]

This Court takes judicial notice that Plaintiff, proceeding pro se, filed a prior civil action against Cornerstone National Bank on August 28, 2013, alleging that the bank refused to sell him certain property and refused to grant him a loan based on his race, African-American. *See* Complaint, *Ishaaq v. Cornerstone National Bank*, C/A No. 8:13-2343-HMH-JDA (D.S.C. Aug. 28, 2013) ("*Ishaaq I*"), ECF No. 1; *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). On October 16, 2013, the bank filed an Answer and Counterclaim against Plaintiff seeking damages for alleged vandalism of the same real property that the bank had purchased at a foreclosure and that Plaintiff had occupied until being evicted. *See* Answer and Counterclaim, *Ishaaq v. Cornerstone National Bank*, C/A No. 8:13-2343-HMH-JDA (D.S.C. Oct. 16, 2013) ("*Ishaaq I*"), ECF No. 20. The law firm of Smith Moore Leatherwood, LLP, represents the bank and filed the Answer and Counterclaim on its behalf. *Id*. at 8. The prior civil action, *Ishaaq I*, is pending. In the prior

action, Plaintiff has moved for summary judgment on Defendant's Counterclaim on the ground that it was filed in retaliation to the Complaint, and Defendant filed a response brief and evidence; within those documents, the parties argue the merits of whether the Counterclaim was filed in retaliation to the Complaint, whether the Counterclaim is well-founded, and whether it is compulsory. *Id*. at ECF No. 50, 62.

## Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006) (explaining that § 1915(e) governs non-prisoner *in forma pauperis* complaints). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th

Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Discussion

Plaintiff brings this civil action alleging a claim of retaliation pursuant to 42 U.S.C. § 1982 in violation of his civil rights. Section 1982 prohibits race discrimination in the purchase and sale of real and personal property, and a claim of retaliation is cognizable under § 1982 for asserting rights of minorities to purchase and sell real and personal property. *See Gomez-Perez v. Potter*, 553 U.S. 474, 479–80 (2008); *see also Aleman v. Chugach Support Serv. Inc.*, 485 F.3d 206, 213–14 (4th Cir. 2007). Here, Plaintiff alleges that his filing the previous lawsuit against the bank, *Ishaaq I*, was a protected activity and the bank's counterclaim was an act of retaliation in violation of § 1982 for which Defendants should be liable to pay him damages.

Some courts have held that if a defendant brings an utterly baseless counterclaim against a plaintiff, the plaintiff may be able to assert a retaliation claim based on the act of filing the counterclaim.[*] *See Bill Johnson's Rest. v. N.L.R.B.*, 461 U.S. 731, 743 (1983) (in the labor relations context, determining that an employer prosecuting a meritorious action

---

[*] This Court is not ruling on whether a person may state a claim of retaliation based on a counterclaim being filed. Here, the Court assumes, without deciding, that Plaintiff may allege a cognizable claim for retaliation against the bank.

4

against an employee implicates the First Amendment right to petition whereas a suit based on insubstantial claims are not within the scope of the First Amendment); *Warner v. Sims Metal Mgmt. Ltd.*, No. C 13-02190 WHA, 2013 WL 5754403, at *1–3 (N.D. Cal. Oct. 21, 2013) (noting several district courts that have found a claim of retaliation cognizable when due to a baseless counterclaim); *see also Darby v. Williamsburg Cnty. Sch. Dist.*, C/A No. 4:09-2682-TLW-TER, 2010 WL 1491950, at *1–2 (D.S.C. April 8, 2010) (denying the plaintiff's motion to dismiss a counterclaim that alleged abuse of process against the plaintiff for filing the complaint because the defendant properly pled facts to indicate the plaintiff was not legitimately using the legal process); *cf. Hertz v. Luzenac America, Inc.*, Civil No. 04-cv-01961-LTB-CBS, 2010 WL 4922653, at *2, 4–5 (D.Colo. Nov. 29, 2010) (explaining that in this particular case where plaintiff was not an employee or former employee and the counterclaims were compulsory, the filing of the counterclaims could not be deemed an act of retaliation).

However, in this particular circumstance, where Plaintiff and the bank are already currently litigating, in *Ishaaq I*, whether the bank's Counterclaim against Plaintiff was filed as an act of retaliation in violation of § 1982, the instant action should be dismissed based on maliciousness. In *Ishaaq I*, the parties are currently disputing whether the Counterclaim is well-founded based on alleged facts; further, evidence has been presented to support the bank's contention that the Counterclaim is well-founded. *See id.* at ECF No. 62. At this point, in *Ishaaq I*, Plaintiff's motion for summary judgment on Defendant's Counterclaim has not been ruled upon by this Court. Thus, it appears that Plaintiff brings this repetitive action in an attempt to have yet another chance to prove the Counterclaim

in *Ishaaq I* was retaliatory or to thwart the bank's efforts to establish that the Counterclaim was factually-based and reasonable and was not an act of retaliation.  In other words, it seems that Plaintiff is attempting to abuse the judicial process by filing the instant action; therefore, it should be dismissed based upon maliciousness.  *See Pierson v. Shelton*, No. 1:07-CV-708-MHT, 2007 WL 2710407, at *1 (Sept. 13, 2007) (explaining that malicious suits under § 1915 are abusive of the judicial process); *see generally, Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("'The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.'") (citation omitted).

Moreover, Defendants Anthony and Jolly should be dismissed because Plaintiff fails to state a claim on which relief may be granted.  Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact).  The United States Supreme Court has pronounced that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim.  *See Iqbal*, 556 U.S. at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Fed. R. Civ. P. 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Id.* at 678–79. Here, Plaintiff asserts that Anthony and Jolly are party Defendants with the same address as the bank, and he sues them in their professional and personal capacities. This Court may reasonably construe that Plaintiff alleges they are employed by the bank. The Complaint contains no other factual allegations related to Anthony or Jolly. Accordingly, Plaintiff does not allege a sufficient plausible claim against them in the Complaint.

Additionally, Defendant Smith Moore Leatherwood, LLP, should be dismissed because Plaintiff fails to state a claim on which relief may be granted against it. Plaintiff's only allegation pertaining to it is that some of its attorneys helped the bank to file the Counterclaim against him. "Lawyers are mouthpieces for their clients; they do not speak for themselves. Thus, regardless of which lawyer makes an argument on behalf of a client, it is still the client (i.e., party to the lawsuit) who is taking a certain position . . . ." *Barlow v. Colgate Palmolive Co.*, 750 F.3d 437, 460 (4th Cir. 2014) (Floyd, dissenting), *reh'g en banc granted* (June 6, 2014). Therefore, Smith Moore Leatherwood, LLP's actions of writing and filing the Counterclaim were performed in its representative capacity on behalf of the client; it was not speaking or acting for itself. Accordingly, Plaintiff does not state a cognizable claim of retaliation against it. Furthermore, if a law firm commits any misconduct in a case where it represents a party, a court may sanction the law firm within that particular case pursuant to Fed. R. Civ. P. 11(c).

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **Plaintiff's attention is directed to the important notice on the next page.**

                                            s/ Jacquelyn D. Austin
                                            United States Magistrate Judge

September 24, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).